IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

S & H U.S.A. INC.,

    Plaintiff,

v.

POWELL & POWELL SUPPLY CO. INC.,

    Defendant.

Civil Action No. 04CV10889RCL

**FILING PURSUANT TO LOCAL RULE 81.1(a)**

Pursuant to Local Rule 81.1(a), defendant Powell & Powell Supply Co. Inc. hereby files certified copies of all records and pleadings in the State Court and a certified copy of all docket entries in the State Court in the above-captioned matter.

POWELL & POWELL SUPPLY CO. INC.
By its attorney,

/s/ John C. Kane
John C. Kane, Jr. (BBO #257480)
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: May 7, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 5/7/04   /s/ John C. Kane

9437044_1

**S & H U.S.A. INC.,**          Plaintiff,    04-1611

V

**POWELL & POWELL SUPPLY CO. INC.,**
                              Defendant.

**NOTICE OF REMOVAL**

MIDDLESEX, ss.   # Commonwealth of Massachusetts   SUPERIOR COURT

I, Mary Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings in case NO. 04-1611 entered in the Superior Court on the fifteenth day of April in the year of our Lord two thousand four

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this fifth day of May in the year of our Lord thousand two thousand four

*Mary E. Rosa*
Deputy Assistant Clerk of Courts



I HEREBY ATTEST AND CERTIFY ON 5-5-04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

| | |
|---|---|
| S & H U.S.A. INC., | ) |
| Plaintiff, | ) |
| v. | ) NOTICE OF REMOVAL |
| POWELL & POWELL SUPPLY CO. INC., | ) |
| Defendant. | ) 04 CV 10889 RCL |

Pursuant to 28 U.S.C. Section 1446, Defendant Powell & Powell Supply Co. Inc. ("Powell & Powell"), through counsel, hereby removes the above-captioned action to the United States District Court for the District of Massachusetts. The grounds for the removal of this case are:

1. On or about April 15, 2004, Plaintiff's counsel filed a complaint captioned *S & H U.S.A. Inc. v. Powell & Powell Supply Co. Inc.*, being Civil Action No. 04-1611 in the Superior Court of Middlesex County, Massachusetts. Attached as Exhibit A is a true and correct copy of the Complaint. Upon information and belief, no further substantive proceedings have taken place in this action other than purported service of process on Defendant as indicated in the following paragraph.

2. On or about April 15, 2004, Plaintiff attempted service of process on Defendant Powell & Powell through certified mail. A copy of such service letter with enclosed Summons and Civil Action Cover Sheet is attached hereto as Exhibit B. Powell & Powell received the service letter containing the Summons and Complaint on April 16, 2004.

9433874_1

3. This is a civil action over which this Court has original jurisdiction by virtue of diversity of citizenship pursuant to 28 U.S.C. Section 1332. Plaintiff, upon information and belief, is a citizen of a state or commonwealth other than North Carolina. (Complaint, ¶ 1.) The Defendant is a corporation organized under the laws of the state of North Carolina. (Complaint, ¶ 2.) Thus, the controversy is between citizens of different states within the meaning of 28 U.S.C. Section 1332.

4. This action may be removed to this Court pursuant to 28 U.S.C. Sections 1332(a) and 1441(a): under this Court's original diversity jurisdiction because it is between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand dollars ($75,000.00) exclusive of interests and costs. (*See* Complaint, ¶ 6.)

5. This Notice is filed by the Defendant pursuant to 28 U.S.C. section 1446(b) within 30 days after Powell & Powell's receipt of the service copies of the Summons and Complaint.

WHEREFORE, the Defendant says that this Court has original jurisdiction of the action pursuant to 28 U.S.C. Section 1332, and that the action is properly removable pursuant to 28 U.S.C. Section 1441 and respectfully requests that the United States District Court for the District of Massachusetts exercise its jurisdiction over this matter.

POWELL & POWELL SUPPLY CO. INC.
By its attorney,

John C. Kane, Jr. (BBO #257480)
Ropes & Gray LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

Dated: May 5, 2004

OF COUNSEL:

WOMBLE CARLYLE SANDRIDGE & RICE,
*a Professional Limited Liability Company*

Johnny M. Loper, NCSB No. 15533
2100 Wachovia Capitol Center
150 Fayetteville Street Mall
P.O. Box 831
Raleigh, NC 27602
(919) 755-2116

Exhibit A

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
SUPERIOR COURT
CA NO. 04-1611

S & H U.S.A. INC.
  Plaintiff

v.

POWELL & POWELL SUPPLY CO. INC.
  Defendant

### COMPLAINT FOR MONEY DAMAGES AND FOR AN ACCOUNTING

1. Plaintiff is a corporation having a usual place of business at 56 Park Street, Framingham, MA 01702. Plaintiff also maintains a usual place of business in Stuart, Florida. Plaintiff is engaged in trade and commerce as a business broker.

2. On information and belief, defendant Powell & Powell Supply Co. Inc. is a corporation duly organized and existing with its usual place of business at 402 McKinney Parkway, Lillington, North Carolina 27546. Defendant is and has been transacting business in Massachusetts at all times material to this complaint; and has further agreed that the parties' business relationship shall be governed by the laws of the Commonwealth of Massachusetts, and that all disputes between the parties be resolved in Massachusetts, in either state or federal court. Defendant is engaged in trade and commerce.

3. By virtue of a written agreement between plaintiff and defendant, during the time period on and after November 10, 1996 defendant employed plaintiff to

act as its business broker to promote and secure orders for certain products and good manufactured and sold by the defendant. Said agreement, without modifications has been in full force and effect from November 10, 1996 until April 13, 2004, on which latter date plaintiff resigned and terminated the agreement. A true copy of the agreement is hereto attached as *Exhibit A.*

4. Performing its agreement, plaintiff has promoted the products of the defendant, has secured orders on behalf of the defendant; and as a result of which defendant has manufactured, sold and delivered those products to defendant's customers in Massachusetts, and elsewhere, nationally and worldwide all as a direct and proximate result of plaintiff's best sales efforts.

5. Defendant has failed and refused to pay plaintiff the agreed sales commissions earned and due to plaintiff for products sold and delivered by defendant to its customers, notwithstanding that defendant has been paid for the products by its customers, pursuant to the parties' agreement.

6. Defendant owes plaintiff earned sales commissions of at least fifteen million dollars ($15,000,000.00) on business transacted during the time period aforesaid.

7. Defendant is further required by the parties' agreement to account to plaintiff for all business transacted on which sales commissions are or may be due, to the plaintiff, pursuant to the parties' agreement, but has not done so.

8. The acts and business practices of defendant in failing to account to the plaintiff and in failing to pay plaintiff earned sales commissions is a willful and knowing violation of MGL Chapter 93A, which has caused plaintiff to suffer actual substantial monetary loss and damage.

WHEREFORE, plaintiff demands judgment against defendant for an account, and for its actual damages sustained; that the court award multiple damages pursuant to Mass. G.L. Chapter 93A §§ 1 et seq.; and that plaintiff recover interest, costs and reasonable attorneys' fees together with such other relief as its appropriate under the circumstances.

S & H U.S.A. Inc.
By its attorney,

_____
Robert G. Cohen BBO # 090340
188 Oaks Road
Framingham, MA 01702
(508) 875-0035

Dated: April      , 2004

# S & H U.S.A., Inc.
2300 SE Ocean Boulevard  Suite A4-109
Stuart, FL  34996

## Vendor Agreement

AGREEMENT dated this TENTH day of NOVEMBER, 1996, by and between S&H U.S.A., INC. and POWELL & POWELL SUPPLY CO., INC.(Vendor). (Both S&H U.S.A. and VENDOR are hereinafter collectively referred to as THE PARTIES.)

WHEREAS, Vendor is the manufacturer and/or distributor of ALL POWELL & POWELL PRODUCTS(Product),

WHEREAS, the Parties are desirous of entering into an agreement.

NOW, THEREFORE, for consideration paid, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby covent and agree as follows:

1. Vendor shall pay to S&H U.S.A., Inc. a commission in the amount of TEN(10%) PERCENT of the net sale proceeds from all sales of Vendor's Product to the wholesale and/or retail outlets listed in Schedule A attached hereto and made a part hereof and incorporated herein by reference. The parties may amend Schedule A at any time provided such amendments shall be in writing and shall be signed by S&H U.S.A., Inc. and Vendor. Commissions may be reduced below 10% or increased above 10% if agreed upon by both parties, in writing. Sales commissions to be paid only on orders received from S&H U.S.A., Inc. and or Accounts handled directly by S&H U.S.A., Inc..

2. This agreement shall be for a five(5) year period from the date hereof, and shall renew automatically for successive five(5) year periods, as long as S&H U.S.A., Inc. meets a mutually agreed upon, in writing, Sales Quota(to be determined) for the Territory described in Schedule (A). After the first five year period, should there be categories or accounts of a category in Schedule (A) that have done no business, the Vendor may give a 30-Day written notice to S&H USA, Inc. via Certified Mail that will terminate said account from the Territory. Should there be a need to terminate any account or category from Schedule (A), Vendor agrees not to offer any Account in said category prices cheaper than any Account still active on Schedule (A).

2A. S&H U.S.A, Inc. agrees, as long as S&H USA, Inc. receives commissions from Powell & Powell Supply Co., Inc., not to sell any products from any company that competes with any Powell & Powell Supply Co., Inc. products, unless agreed upon by both parties.

-1-

Powell & Powell Supply Co., Inc.
Vendor Agreement
November 10, 1996

3. At any time during the agreement, should there be a termination by Powell & Powell Supply Co., Inc., S&H USA, Inc. will continue to receive commission on accounts held by S&H USA, Inc. for a three year period at the following reduced rate: First Year of commissions due - 75%, Second Year of commissions due - 50%, Third Year of commissions due - 25%. In the event Vendor shall fail to make such payments as required herein, S&H USA, Inc. shall, in addition to all other rights and remedies it may have, be entitled to injunctive relief as a breach of this provision would result in irreparable harm to S&H USA, Inc.. In addition, S&H USA, Inc. shall be entitled to collect all cost and expenses associated with any action necessary to collect the amounts owed pursuant to this paragraph including, but not limited to, reasonable attorney's fees.

In the event that S&H U.S.A., Inc. is sold, Powell & Powell Supply Co., Inc. reserves the right to choose who they may or may not want to represent them.

If S&H U.S.A., Inc. dissolves or sales its corporation, Powell & Powell Supply Co., Inc. reserves the right to cancel contract and commissions.

If S&H U.S.A., Inc. were to cancel this agreement, no futher commissions will be paid. At any time, in the event that S&H U.S.A., Inc., or its affiliates, reduces its sales staff such that it cannot maintain Sales Quotas outlined in Paragraph 2, the Vendor reserves the right to cancel this contract and commissions.

This agreement shall be a binding Agreement between Powell & Powell Supply Co., Inc. and S&H U.S.A., Inc.

This agreement shall be Automatically assigned and binding upon any and all assignees, purchasers and entities of Powell & Powell Supply Co., Inc. and S&H U.S.A., Inc..

4. S&H U.S.A., Inc. shall use their best efforts in its representation of Vender's Product. Vendor shall supply samples for S&H U.S.A., Inc.'s use at no charge to S&H U.S.A., Inc. or any other party. Samples shall be provided upon request of S&H U.S.A., Inc..

5. The within Agreement does not in any way constitute a partnership agreement between the Parties. S&H U.S.A., Inc. sales agents, representatives and personnal are employed by or work exclusively for S&H U.S.A., Inc. and or affiliates, as do employees of Vendor work exclusively for Vendor.

6. During the pendency of this Agreement and for a period of three(3) years following any termination hereof, Vendor agrees that it and any person or entity acting by, for or through it, including, but not limited to any parent or subsidiary company, shall not communicate with, solicit or employee any representative, sales agent or other S&H U.S.A., Inc., or affiliates' personnel without the express written consent of Mr. Fred Simon of S&H U.S.A., Inc.. In the event Vendor shall violate the provisions of this paragraph, S&H U.S.A

- 2 -

Powell & Powell Supply Co., Inc.
Vendor Agreement
November 10, 1996

Inc. shall, in addition to all other rights and remedies it may have, be entitled to injunctive relief as a breach of this provision would result in irreparable harm to S&H U.S.A., Inc.. In addition, S&H U.S.A., Inc. shall be entitled to collect all cost and expenses associated with any action necessary to collect the amounts owed pursuant to this paragraph including, but not limited to, reasonable attorney's fees.

7.   The within Agreement shall be governed by the laws of the Commonwealth of Massachusetts and all disputes shall be resolved in the courts of the Commonwealth of Massachusetts or in the United States District Court for the District of Massachusetts.

8.   Vendor assumes all responsibility for the Products and hereby indemnifies and holds S&H U.S.A., Inc. and affiliates harmless from and against any and all liability, loss, costs, expenses or damages of any kind and nature whatsoever, whether caused by a defective Product or otherwise arising from any act or omission of Vendor, including but not limited to any sustained by any person, firm, or corporation by reason of a defect in the Product, bodily injury, property damage, infringement of any patent, trademark, copyright rights or other rights of third parties, or any violations of municipal state or federal laws or regulations regarding the Products or their sale of the Products by S&H U.S.A., Inc..

9.   Vendor shall obtain product liability insurance covering the Products in such amount and with such insurer as are qualified to issue such insureds in the territory and as the Parties shall agree, but in no event shall limits of liability be less than two million dollars ($2,000,000) for injury to any person and two million dollars ($2,000,000) per occurrence.

## SCHEDULE A

ALL WHOLESALE CLUBS
ALL HOME CENTERS
ALL MASS MARKET ACCOUNTS
ALL HARDWARE CHAINS
RETAILERS & DISTRIBUTORS
ALL MARINE RETAILERS & DISTRIBUTORS
HSN
QVC
OFFSHORE ACCCOUNTS TO BE ESTABLISHED ON ACCOUNT BY ACCOUNT



# I.I.D.A.
International Industrial Development Associates, Inc.
P.O. Box 9108 • 50 Speen Street • Framingham, MA 01701 • Tel: 508-872-1807 • Fax: 508-872-0479

DATE: March 15, 1999

TO: Billy Ray Powell / POWELL & POWELL

FROM: Jeff Chaban / IIDA

RE: LOWES

FAXED
MAR 1 5 1999
By_____

Billy Ray,

In regard to the Lowes account, please sign off on this letter stating that we will split $3.00 over and above our already agreed upon commission providing we do not have to come down from our quoted price on any unit other than the King Canopy.

The King will be at the already agreed upon commission without any additional split.

Thank you,

*Jeff Chaban*

cc: Fred Simon
    Larry Bassett
    Janis Wright

JC/dlc

_____
Billy Ray Powell, Powell & Powell

ADDENDUM TO:

Vendor Agreement Between

POWELL & POWELL SUPPLY CO. INC.
and
I.I.D.A.

Dated August 26, 1993

Territory will include the following accounts
in addition to the accounts listed on the above mentioned Vendor Agreement.

## PRICE/COSTCO CANADA

_____
Reid Powell

_____
Fred Simon

3-9-95
Date

5/15/95
Date

/lmc
1/31/95

ADDENDUM TO:

Vendor Agreement Between

**POWELL & POWELL SUPPLY CO. INC.**
and
**I.I.D.A.**

Dated August 26, 1993

Territory will include the following accounts
in addition to the accounts listed on the above mentioned Vendor Agreement.

SCOTTY'S

_____
Reid Powell

_____
Fred Simon

7-26-95
Date

8/7/95
Date

/lmc
7/20/95

**ROBERT GERALD COHEN**
Attorney at Law

188 Oaks Road
Framingham, MA 01702

Telephone: (508) 875-0035
Facsimile: (508) 875-0558
Email: RGCesq@aol.com

April 14, 2004

President and/or Chief Executive Officer  }   CERTIFIED U.S. MAIL
Powell and Powell Supply Co. Inc.         }   RETURN RECEIPT
402 McKinney Parkway                      }   REQUESTED
Lillington, NC 27546                      }

RE:  S & H U.S.A. Inc.
v.   Powell & Powell Supply Co.
Trial Court of Commonwealth of Massachusetts, Superior Court, Middlesex County
Docket No. _____04-1611_____

Dear Sir or Madam:

Please be advised that this office is legal counsel to S & H U.S.A. Inc.

You have been named as a defendant in the above-entitled civil action lawsuit. And, you are hereby served with the Summons, Complaint and Civil Action Statement of Damages all as provided by MGL Chapter 223A, and the Massachusetts Rules of Civil Procedure, Rule 4. Your attention is directed to the notice provisions set forth in the summons.

You are required by law to respond to this lawsuit as directed in the Summons, or you will be defaulted by the Court and may suffer a judgment by default being entered against you.

Do not ignore this letter and its contents.

Very truly yours,

Robert G. Cohen

RGC/pjm

cc:  Frederick J. Simon