TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 04-1611

......MIDDLESEX......, ss
[seal]

S+H USA Inc. ............, Plaintiff(s)

v.

Powell + Powell Supply Co. Inc. ............, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ...... Robert G. Cohen ............ plaintiff's attorney, whose address is ............ 188 Oaks Rd. Framingham MA ............, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ...... Cambridge ............ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ...... Cambridge ............ the ...... 15th ...... day of ...... April ............, in the year of our Lord ...... two thousand four.

*Edward J. Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................
..................................................................................................................................................

Dated: ..................................................................................

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( .................................., ............. )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. ..............

.............................. Plff.

v.

.............................. Deft.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1611 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) S+H U.S.A. Inc. | | DEFENDANT(S) Powell + Powell Supply Co., Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TEL Tel: 508-875-0035 Fax: 508-875-0558 Board of Bar Overseers number: 090346 | Robert G. Cohen Attorney at Law 185 Oaks Road Framingham, MA 01702 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract - Brokers Agreement | (F) | ( ) Yes  (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................. $..........
2. Total Doctor expenses ............................................... $..........
3. Total chiropractic expenses ......................................... $..........
4. Total physical therapy expenses .................................... $..........
5. Total other expenses (describe) .................................... $..........
                                                        Subtotal $..........
B. Documented lost wages and compensation to date ................. $..........
C. Documented property damages to date ............................... $..........
D. Reasonably anticipated future medical and hospital expenses ...... $..........
E. Reasonably anticipated lost wages ................................ $..........
F. Other documented items of damages (describe)
                                                                $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                $..........
                                                        TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendant owes plaintiff agreed upon and earned sales commissions pursuant to a written agreement

TOTAL $ 15,000,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 4/15/04

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                    SUPERIOR COURT
                                                  CA NO.

                                                  04-1611

S & H U.S.A. INC.
    Plaintiff

v.

POWELL & POWELL SUPPLY CO. INC.
    Defendant

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR ... MIDDLESEX
APR 15 2004
CLERK

04/15/04 12:57#0000 6006 CLERK A
                              NOSALE        .00

**COMPLAINT FOR MONEY DAMAGES
AND FOR AN ACCOUNTING**

04/15/04 12:57#0000 6007 CLERK A
CIVIL            240.00
SURCHARGE         15.00
SECC              20.00
SUMMONS            5.00
041611 #
SUBTTL           280.00
TOTAL            280.00
CHECK            280.00

1.  Plaintiff is a corporation having a usual place of business at 56 Park Street, Framingham, MA 01702. Plaintiff also maintains a usual place of business in Stuart, Florida. Plaintiff is engaged in trade and commerce as a business broker.

2.  On information and belief, defendant Powell & Powell Supply Co. Inc. is a corporation duly organized and existing with its usual place of business at 402 McKinney Parkway, Lillington, North Carolina 27546. Defendant is and has been transacting business in Massachusetts at all times material to this complaint; and has further agreed that the parties' business relationship shall be governed by the laws of the Commonwealth of Massachusetts, and that all disputes between the parties be resolved in Massachusetts, in either state or federal court. Defendant is engaged in trade and commerce.

3.  By virtue of a written agreement between plaintiff and defendant, during the time period on and after November 10, 1996 defendant employed plaintiff to

act as its business broker to promote and secure orders for certain products and good manufactured and sold by the defendant. Said agreement, without modifications has been in full force and effect from November 10, 1996 until April 13, 2004, on which latter date plaintiff resigned and terminated the agreement. A true copy of the agreement is hereto attached as *Exhibit A.*

4. Performing its agreement, plaintiff has promoted the products of the defendant, has secured orders on behalf of the defendant; and as a result of which defendant has manufactured, sold and delivered those products to defendant's customers in Massachusetts, and elsewhere, nationally and worldwide all as a direct and proximate result of plaintiff's best sales efforts.

5. Defendant has failed and refused to pay plaintiff the agreed sales commissions earned and due to plaintiff for products sold and delivered by defendant to its customers, notwithstanding that defendant has been paid for the products by its customers, pursuant to the parties' agreement.

6. Defendant owes plaintiff earned sales commissions of at least fifteen million dollars ($15,000,000.00) on business transacted during the time period aforesaid.

7. Defendant is further required by the parties' agreement to account to plaintiff for all business transacted on which sales commissions are or may be due, to the plaintiff, pursuant to the parties' agreement, but has not done so.

8. The acts and business practices of defendant in failing to account to the plaintiff and in failing to pay plaintiff earned sales commissions is a willful and knowing violation of MGL Chapter 93A, which has caused plaintiff to suffer actual substantial monetary loss and damage.

WHEREFORE, plaintiff demands judgment against defendant for an account, and for its actual damages sustained; that the court award multiple damages pursuant to Mass. G.L. Chapter 93A §§ 1 et seq.; and that plaintiff recover interest, costs and reasonable attorneys' fees together with such other relief as its appropriate under the circumstances.

                                S & H U.S.A. Inc.
                                By its attorney,

                                _____
                                Robert G. Cohen BBO # 090340
                                188 Oaks Road
                                Framingham, MA 01702
                                (508) 875-0035

Dated: April 15, 2004

# S & H U.S.A., Inc.
2300 SE Ocean Boulevard  Suite A4-109
Stuart, FL  34996

## Vendor Agreement

AGREEMENT dated this TENTH day of NOVEMBER, 1996, by and between S&H U.S.A., INC. and POWELL & POWELL SUPPLY CO., INC.(Vendor). (Both S&H U.S.A. and VENDOR are hereinafter collectively referred to as THE PARTIES.)

WHEREAS, Vendor is the manufacturer and/or distributor of ALL POWELL & POWELL PRODUCTS(Product),

WHEREAS, the Parties are desirous of entering into an agreement.

NOW, THEREFORE, for consideration paid, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby covent and agree as follows:

1. Vendor shall pay to S&H U.S.A., Inc. a commission in the amount of TEN(10%) PERCENT of the net sale proceeds from all sales of Vendor's Product to the wholesale and/or retail outlets listed in Schedule A attached hereto and made a part hereof and incorporated herein by reference. The parties may amend Schedule A at any time provided such amendments shall be in writing and shall be signed by S&H U.S.A., Inc. and Vendor. Commissions may be reduced below 10% or increased above 10% if agreed upon by both parties, in writing. Sales commissions to be paid only on orders received from S&H U.S.A., Inc. and or Accounts handled directly by S&H U.S.A., Inc..

2. This agreement shall be for a five(5) year period from the date hereof, and shall renew automatically for successive five(5) year periods, as long as S&H U.S.A., Inc. meets a mutually agreed upon, in writing, Sales Quota(to be determined) for the Territory described in Schedule (A). After the first five year period, should there be categories or accounts of a category in Schedule (A) that have done no business, the Vendor may give a 30-Day written notice to S&H USA, Inc. via Certified Mail that will terminate said account from the Territory. Should there be a need to terminate any account or category from Schedule (A), Vendor agrees not to offer any Account in said category prices cheaper than any Account still active on Schedule (A).

2A. S&H U.S.A, Inc. agrees, as long as S&H USA, Inc. receives commissions from Powell & Powell Supply Co., Inc., not to sell any products from any company that competes with any Powell & Powell Supply Co., Inc. products, unless agreed upon by both parties.

Ex A

Powell & Powell Supply Co., Inc.
Vendor Agreement
November 10, 1996

3.  At any time during the agreement, should there be a termination by Powell & Powell Supply Co., Inc., S&H USA, Inc. will continue to receive commission on accounts held by S&H USA, Inc. for a three year period at the following reduced rate: First Year of commissions due - 75%, Second Year of commissions due - 50%, Third Year of commissions due - 25%. In the event Vendor shall fail to make such payments as required herein, S&H USA, Inc. shall, in addition to all other rights and remedies it may have, be entitled to injunctive relief as a breach of this provision would result in irreparable harm to S&H USA, Inc.. In addition, S&H USA, Inc. shall be entitled to collect all cost and expenses associated with any action necessary to collect the amounts owed pursuant to this paragraph including, but not limited to, reasonable attorney's fees.
    In the event that S&H U.S.A., Inc. is sold, Powell & Powell Supply Co., Inc. reserves the right to choose who they may or may not want to represent them.
    If S&H U.S.A., Inc. dissolves or sales its corporation, Powell & Powell Supply Co., Inc. reserves the right to cancel contract and commissions.
    If S&H U.S.A., Inc. were to cancel this agreement, no futher commissions will be paid. At any time, in the event that S&H U.S.A., Inc., or its affiliates, reduces its sales staff such that it cannot maintain Sales Quotas outlined in Paragraph 2, the Vendor reserves the right to cancel this contract and commissions.
    This agreement shall be a binding Agreement between Powell & Powell Supply Co., Inc. and S&H U.S.A., Inc.
    This agreement shall be Automatically assigned and binding upon any and all assignees, purchasers and entities of Powell & Powell Supply Co., Inc. and S&H U.S.A., Inc..

4.  S&H U.S.A., Inc. shall use their best efforts in its representation of Vender's Product. Vendor shall supply samples for S&H U.S.A., Inc.'s use at no charge to S&H U.S.A., Inc. or any other party. Samples shall be provided upon request of S&H U.S.A., Inc..

5.  The within Agreement does not in any way constitute a partnership agreement between the Parties. S&H U.S.A., Inc. sales agents, representatives and personnal are employed by or work exclusively for S&H U.S.A., Inc. and or affiliates, as do employees of Vendor work exclusively for Vendor.

6.  During the pendency of this Agreement and for a period of three(3) years following any termination hereof, Vendor agrees that it and any person or entity acting by, for or through it, including, but not limited to any parent or subsidiary company, shall not communicate with, solicit or employee any representative, sales agent or other S&H U.S.A., Inc., or affiliates' personnel without the express written consent of Mr. Fred Simon of S&H U.S.A., Inc.. In the event Vendor shall violate the provisions of this paragraph, S&H U.S.A

Powell & Powell Supply Co., Inc.
Vendor Agreement
November 10, 1996

Inc. shall, in addition to all other rights and remedies it may have, be entitled to injunctive relief as a breach of this provision would result in irreparable harm to S&H U.S.A., Inc.. In addition, S&H U.S.A., Inc. shall be entitled to collect all cost and expenses associated with any action necessary to collect the amounts owed pursuant to this paragraph including, but not limited to, reasonable attorney's fees.

7.  The within Agreement shall be governed by the laws of the Commonwealth of Massachusetts and all disputes shall be resolved in the courts of the Commonwealth of Massachusetts or in the United States District Court for the District of Massachusetts.

8.  Vendor assumes all responsibility for the Products and hereby indemnifies and holds S&H U.S.A., Inc. and affiliates harmless from and against any and all liability, loss, costs, expenses or damages of any kind and nature whatsoever, whether caused by a defective Product or otherwise arising from any act or omission of Vendor, including but not limited to any sustained by any person, firm, or corporation by reason of a defect in the Product, bodily injury, property damage, infringement of any patent, trademark, copyright rights or other rights of third parties, or any violations of municipal state or federal laws or regulations regarding the Products or their sale of the Products by S&H U.S.A., Inc..

9.  Vendor shall obtain product liability insurance covering the Products in such amount and with such insurer as are qualified to issue such insureds in the territory and as the Parties shall agree, but in no event shall limits of liability be less than two million dollars ($2,000,000) for injury to any person and two million dollars ($2,000,000) per occurrence.

## SCHEDULE A

ALL WHOLESALE CLUBS
ALL HOME CENTERS
ALL MASS MARKET ACCOUNTS
ALL HARDWARE CHAINS
RETAILERS & DISTRIBUTORS
ALL MARINE RETAILERS & DISTRIBUTORS
HSN
QVC
OFFSHORE ACCCOUNTS TO BE ESTABLISHED ON ACCOUNT BY ACCOUNT



# I.I.D.A.
## International Industrial Development Associates, Inc.
P.O. Box 9108 • 50 Speen Street • Framingham, MA 01701 • Tel: 508-872-1807 • Fax: 508-872-0479



DATE: March 15, 1999

TO: Billy Ray Powell / **POWELL & POWELL**

FROM: Jeff Chaban / IIDA

RE: **LOWES**

FAXED
MAR 15 1999
By____

Billy Ray,

In regard to the Lowes account, please sign off on this letter stating that we will split $3.00 over and above our already agreed upon commission providing we do not have to come down from our quoted price on any unit other than the King Canopy.

The King will be at the already agreed upon commission without any additional split.

Thank you,

Jeff Chaban

cc: Fred Simon
    Larry Bassett
    Janis Wright

JC/dlc

_____
Billy Ray Powell, Powell & Powell

ADDENDUM TO:

Vendor Agreement Between

**POWELL & POWELL SUPPLY CO. INC.**
and
**I.I.D.A.**

Dated August 26, 1993

Territory will include the following accounts in addition to the accounts listed on the above mentioned Vendor Agreement.

PRICE/COSTCO CANADA

_____
Reid Powell

_____
Fred Simon

3-9-95
Date

5/15/95
Date

/lmc
1/31/95

ADDENDUM TO:

Vendor Agreement Between

**POWELL & POWELL SUPPLY CO. INC.**
and
**I.I.D.A.**

Dated August 26, 1993

Territory will include the following accounts
in addition to the accounts listed on the above mentioned Vendor Agreement.

SCOTTY'S

_____
Reid Powell

_____
Fred Simon

___7-26-95_____
Date

___8/7/95_____
Date

/lmc
7/20/95

Powell & Powell Supply Co., Inc.
Vendor Agreement
November 10, 1996

This constitutes the entire agreement between the Parties and supersedes any prior or contemporaneous oral or written agreement or representation.

AGREED TO AND ACCEPTED:

S&H U.S.A., Inc.

By: _____
     Fred Simon

Date: 12-28-96

Powell & Powell Supply Co., Inc.

By: _____
     Reid Powell

Date: 12-20-96

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-01611
### S&H U.S.A. Inc. v Powell & Powell Supply Company, Inc.

| | | | |
|---|---|---|---|
| File Date | 04/15/2004 | Status | Disposed: transfered to other court (dtrans) |
| Status Date | 05/05/2004 | Session | C - Cv C (11A Cambridge) |
| Origin | 1 | Case Type | A99 - Misc contract |
| Lead Case | | Track | F |

| | | | | | |
|---|---|---|---|---|---|
| Service | 07/14/2004 | Answer | 09/12/2004 | Rule12/19/20 | 09/12/2004 |
| Rule 15 | 09/12/2004 | Discovery | 02/09/2005 | Rule 56 | 03/11/2005 |
| Final PTC | 04/10/2005 | Disposition | 06/09/2005 | Jury Trial | No |

### PARTIES

**Plaintiff**
S&H U.S.A. Inc.
56 Park Street
Framingham, MA 01702
Active 04/15/2004

**Private Counsel 090340**
Robert G Cohen
188 Oaks Road
Framingham, MA 01702
Phone: 508-875-0035
Fax: 508-875-0558
Active 04/15/2004 Notify

**Defendant**
Powell & Powell Supply Company, Inc.
402 McKinney Parkway
Lillington, NC 27546
Service pending 04/15/2004

**Private Counsel 257480**
John C Kane Jr
Ropes & Gray
1 International Place
Boston, MA 02110-2624
Phone: 617-951-7775
Fax: 617-951-7050
Active 05/05/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/15/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 04/15/2004 | | Origin 1, Type A99, Track F. |
| 05/05/2004 | 2.0 | Case REMOVED this date to US District Court of Massachusetts by Deft Powell & Powell Supply Co. Inc. |
| 05/05/2004 | | ABOVE ACTION THIS DAY REMOVED TO U.S. DISTRICT CRT OF MASSACHUSETTS |