IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUL -2  P  1: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| S&H U.S.A. INC.,     )<br>    )<br>             Plaintiff,     )<br>    )<br>v.     )<br>    )<br>POWELL & POWELL SUPPLY CO. INC.,     )<br>    )<br>            Defendant.     )<br>    )<br>    )<br>    ) | Civil Action No. 04CV10889RCL |

## ANSWER AND COUNTERCLAIM OF POWELL & POWELL SUPPLY CO. INC.

Defendant Powell & Powell Supply Co. Inc. ("Powell & Powell"), hereby responds to and answers the allegations of Plaintiff's Complaint:

1.      Responding to paragraph 1 of the Complaint, Powell & Powell admits upon information and belief that as of November 10, 1996, Plaintiff S&H U.S.A. Inc. ("S&H") had places of business at 56 Park Street in Framingham, Massachusetts and in Stuart, Florida. Powell & Powell states upon information and belief that S&H's principal place of business, from and after late in the year 2000 or early in 2001, has been located in Stuart, Florida. Powell & Powell further states that certain attachments, addenda, and other documents related to the Contract at issue were entered between Powell & Powell and International Industrial Development Associates, Inc ("I.I.D.A."). which, upon information and belief, has its principal place of business in Stuart, Florida. The third sentence of paragraph 1 is a legal conclusion, and accordingly does not require a response from Powell & Powell; to the extent such a response

may be required, Powell & Powell denies the allegations contained in the third sentence of paragraph 1. Powell & Powell denies all other allegations contained in paragraph 1.

2.      Responding to paragraph 2 of the Complaint, Powell & Powell admits that it is a North Carolina corporation with its principal place of business located at 402 McKinney Parkway in Lillington, North Carolina 27546. Powell & Powell admits that it is and has been transacting business in Massachusetts at times material to the Complaint, but denies that the transactions upon which Plaintiff bases its complaint occurred primarily or substantially within the Commonwealth of Massachusetts within the meaning of Section 11 of Chapter 93A of the Massachusetts General Laws.    Powell & Powell agrees that paragraph 7 of the Vendor Agreement entered by the parties as of November 10, 1996, provides that the Agreement shall be governed by the laws of the Commonwealth of Massachusetts and all disputes between the parties shall be resolved in the Courts of the Commonwealth of Massachusetts or in the United States District Court for the District of Massachusetts; any allegations in paragraph 2 to the contrary or in conflict with the foregoing are denied. The last sentence of paragraph 2 is a legal conclusion, and accordingly does not require a response from Powell & Powell; to the extent such a response may be required, Powell & Powell denies the allegations contained in the last sentence of paragraph 2. Powell & Powell denies all other allegations contained in paragraph 2.

3.      Responding to paragraph 3 of the Complaint, Powell & Powell denies any and all allegations contained within the first sentence of paragraph 3 which are inconsistent with the stated terms of the Agreement at issue.    The second sentence of paragraph 3 is a legal conclusion, and accordingly does not require a response from Powell & Powell; to the extent such a response may be required, Powell & Powell denies the allegations contained in the second

sentence of paragraph 3. Powell & Powell denies the allegations contained in the last sentence of paragraph 3.

4. Responding to paragraph 4 of the Complaint, Powell & Powell admits that at certain times relevant to the Agreement at issue the Plaintiff has solicited and obtained orders for Powell & Powell's products, which Powell & Powell sold and delivered to customers in Massachusetts and elsewhere, and for which Powell & Powell has compensated Plaintiff in full; Powell & Powell denies the remaining allegations of paragraph 4, and in doing so specifically denies that Plaintiff has used its "best sales efforts" or has otherwise complied with its duties and obligations under the Agreement.

5. Responding to paragraph 5 of the Complaint, Powell & Powell states that it has paid to Plaintiff all amounts due and owing under the Agreement, and therefore denies the allegations contained in paragraph 5.

6. Responding to paragraph 6 of the Complaint, Powell & Powell denies the allegations contained in paragraph 6.

7. Responding to paragraph 7 of the Complaint, Powell & Powell denies the allegations contained in paragraph 7.

8. Responding to paragraph 8 of the Complaint, Powell & Powell denies the allegations contained in paragraph 8.

Subject to and without waiver of the forgoing answers and responses, Powell & Powell interposes the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, including but not limited to any claim for relief under Chapter 93A, Sections 2 and 11, of the Massachusetts General Laws.

### SECOND AFFIRMATIVE DEFENSE

The actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice did not occur primarily and substantially within the Commonwealth of Massachusetts.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery, in whole or in part, by virtue of its own breach of the contract at issue.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the running of the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff is not the real party in interest or, alternatively, Plaintiff has failed to join a necessary and proper party.

### SEVENTH AFFIRMATIVE DEFENSE

The terms of the Agreement between the parties were modified by subsequent agreement of the parties to provide for lower commission rates for S&H on all qualifying sales.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by operation of the doctrines of waiver, estoppel, or ratification.

WHEREFORE, Powell & Powell prays:

A. That plaintiff's Complaint, and each claim therein, be dismissed as to it with prejudice and without costs;

B. That it be awarded its costs of defending this action, including a reasonable attorney's fee; and

C. For such other and further relief as to this Court may appear just and appropriate.


Having fully responded to and answered the Complaint, Powell and Powell hereby asserts its counterclaim against the Plaintiff.

## COUNTERCLAIM OF POWELL & POWELL SUPPLY CO. INC.

Powell & Powell Supply Co. Inc. ("Powell & Powell") hereby asserts the following Counterclaim against S&H U.S.A. Inc. ("S&H"):

### COUNT I
### (For Breach of Contract)

1.    Powell & Powell is a North Carolina corporation with its principle place of business located in Lillington, North Carolina.

2.    Plaintiff is, upon information and belief, a corporation which has or had a place of business in Framingham, Massachusetts and which has its principal place of business in Stuart, Florida.

5

3.     On or about November 10, 1996, Powell & Powell and S&H entered into a certain Vendor Agreement, a partial copy of which is attached to the Complaint filed in this matter as Exhibit A (the Agreement).

4.     At the time Powell & Powell entered into the Agreement, Powell & Powell was virtually the only manufacturer of the products in its product line (carport-style canopies for home, residential, and business use) for sale through retail outlets. Powell & Powell was the dominant firm in this market in terms of market share.

5.     In order to induce Powell & Powell to enter the Agreement, S&H represented to Powell & Powell that S&H had the contacts to take Powell & Powell's products to all retailers nationwide. S&H further represented that S&H could promote the sale of Powell & Powell products such that Powell & Powell's customer base would be broadened and Powell & Powell's reliance on sales to those to whom the early sales of its products had been directed, including but not limited to wholesale clubs, would thereby be reduced.

6.     These representations were untrue when made, because S&H in fact did not have the sales force, the contacts, or the expertise it represented it had, and it therefore was incapable of fulfilling the representations it made to induce Powell & Powell to enter the Agreement and it was incapable of fulfilling its duties and obligations under the Agreement.

7.     At the time of the execution of the Agreement by the parties, Powell & Powell was the dominant firm in its market; however, during the time the Agreement was in effect, Powell & Powell's dominance within its market and its market share were significantly reduced. This erosion in Powell & Powell's market share and market dominance was due in significant measure to the failure of S&H to perform as it was obligated to do by the Agreement, including

6

but not limited to its failure to use its "best efforts" in its representation of Powell & Powell's products as required by paragraph 4 of the Agreement.

8.      Under the Agreement, Powell & Powell agreed to pay to S&H certain commissions on the net sales proceeds on orders received from S&H or accounts handled directly by S&H and involving certain wholesale or retail outlets listed in Schedule A to the Agreement.

9.      The Agreement provides that if S&H cancels the agreement, no further commissions will be paid.

10.     On or about April 13, 2004, Fred Simon on behalf of I.I.D.A. (International Industrial Development Associates, Inc.) wrote a letter to the President of Powell & Powell stating "our company [sic] has had a contract with your company for 8 years . . ." and which refers to S&H as "our company."

11.     In the April 13 letter, Simon, on behalf of I.I.D.A., gives notice of termination of the Agreement "effective April 13, 2004."

12.     However, prior to April 13, 2004, S&H was in breach of the Agreement for the reason that (among others) it no longer called on certain accounts and/or solicited orders from such accounts, and otherwise had ceased to use its best efforts in its representation of Powell & Powell's products.

13.     By virtue of the breach of the Agreement by S&H, Powell & Powell has suffered damages.

7

## COUNT II
### (For Restitution)

14.    Powell & Powell incorporates by reference the allegations contained in paragraphs 1- 13 above.

15.    Paragraph 1 of the Agreement provides, in part: "Sales commissions to be paid only on orders received from S&H U. S. A., Inc. and or Accounts handled directly by S&H U. S. A., Inc."

16.    Upon information and belief, S&H has received commissions from Powell & Powell which were paid on orders not received from S&H and on Accounts not handled directly by S&H.

17.    Due to the fact that S&H has received and retained commissions to which it was not entitled under the terms of the Agreement of the parties, it has been unjustly enriched by the amount of such commissions.

18.    Alternatively, Powell & Powell paid and S&H received and retained commissions to which S&H was not entitled under the Agreement or otherwise due to mistake.

19.    Powell & Powell is entitled to restitution from S&H in the amount of the commissions which have been received but not earned by S&H, or to which S&H is not otherwise entitled under the terms of the Agreement, or alternatively, in equity.

## COUNT III
### (Violation of M.G.L. Ch. 93A)

20.    Powell & Powell incorporates by reference the allegations contained in paragraphs 1- 13 above.

8

21.     Powell & Powell and S&H are each entities engaged in the conduct of trade or commerce within the meaning of Chapter 93A, Sections 2 and 11, of the Massachusetts General Laws.

22.     The defendant's acts and conduct, including its misrepresentations concerning its capacity and ability to sell and promote Powell & Powell's products nationwide and to otherwise meet its duties and obligations under the Agreement, and its failure to use its best efforts in the representation of Powell & Powell's products, constitute unfair and deceptive acts and practices in the conduct of trade or commerce, in violation of Chapter 93A, Sections 2 and 11, of the Massachusetts General Laws.

23.     The defendant's wrongful acts and conduct were knowing and willful, and occurred primarily and substantially in the Commonwealth of Massachusetts.

24.     Defendants are liable in damages to Powell & Powell pursuant to Chapter 93A, Sections 2 and 11, of the Massachusetts General Laws.


WHEREFORE, Powell & Powell PRAYS:

A.  That this Court enter judgment in its favor and against S&H, in the amount that the proof at trial shall indicate is the amount of its damages, plus costs and interest as allowed by law;

B.  That S&H be ordered to pay treble damages and Powell & Powell's attorneys' fees pursuant to Chapter 93A, Sections 2 and 11, of the Massachusetts General Laws; and,

C.  That this Court award it such other or further relief to which it may be entitled.

This the 29th day of June, 2004.

Johnny M. Loper, NCSB No. 15533
WOMBLE CARLYLE SANDRIDGE & RICE,
*a Professional Limited Liability Company*
2100 Wachovia Capitol Center
150 Fayetteville Street Mall
P.O. Box 831
Raleigh, NC 27602
(919) 755-2116

John C. Kane (by JML, w/permission)
John C. Kane
Ropes & Gray
One International Place
Boston, MA  02110-2624
(617) 951-7775

Attorneys for Powell & Powell Supply Co. Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing in the above-captioned action upon all parties by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Robert G. Cohen
188 Oaks Road
Framingham, MA  01702

This the 29th day of June, 2004.

Johnny M. Loper