UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S & H USA INC.,<br><br>        Plaintiff,<br><br>v.<br><br>POWELL & POWELL SUPPLY CO. INC.,<br><br>        Defendant. | **CIVIL ACTION NO.**<br>**04 CV 10889 RCL** |

### JOINT SCHEDULING CONFERENCE MEMORANDUM

Pursuant to Local Rule 16.1(d)(1), Fed. R. Civ. P. 16(b) and the Notice of Scheduling Conference, the parties by their respective counsel submit this Joint Statement of their respective positions in this case:

1. **Plaintiff's Position on Liability and Damages.**

    Defendant owes plaintiff agreed upon and earned sales commissions pursuant to a written agreement between the parties.

    By virtue of the parties' written agreement dated November 10, 1996, defendant engaged plaintiff to be its business broker, to promote defendant's products and to secure orders for those products from certain retail stores mass-merchants and so-called "wholesale clubs." The parties' business relationship continued to on or about April 13, 2004, when plaintiff resigned and terminated the relationship.

    Among other things the parties' contract provided for commission of ten (10%) per cent of the net sale proceeds of defendant's products; for continuation of the relationship for a term of

years until cancellation by either party in the manner specified; for plaintiff to use its best efforts in its representation of defendant's products; and for non-competition.

During the course of the relationship, defendant continually failed to pay agreed upon commissions, paid less than the parties had agreed upon, took improper chargebacks, demanded concessions from plaintiff which defendant was not entitled to, and often simply failed to account for sales brokered by plaintiff and on which it was entitled to commission. Plaintiff consistently reserved its rights in the matter during the relationship and defendant repeatedly assured plaintiff that commission not paid would be paid at a later date. Plaintiff resigned and filed this lawsuit only when defendant's assurances stopped coming.

From information available to plaintiff, plaintiff reasonably concludes it is owed actual damages of $5,102,845.55. Plaintiff further reasonably asserts claims for multiple punitive damages under MGL Chapter 93A and MGL Chapter 104.

2.  **Defendant's Position.**

    (a) Defendant asserts that the Vendor Agreement attached to the Complaint in this matter is evidence of part, but not all, of the relevant agreements between the parties by which Plaintiff, or International Industrial Development Associates, Inc. ("IIDA") which is, upon information and belief, a company related to Plaintiff, was to receive commissions from Defendant on the net sale proceeds of Defendant's products to certain wholesale and/or retail outlets to be identified in such Agreement.

    (b) Sales commissions were to be paid only on orders received from plaintiff and/or accounts handled directly by plaintiff.

(c) Plaintiff was required to use its best efforts in its representation of defendant's products.

(d) At the time defendant and plaintiff entered into the Agreement, defendant was a dominant firm in its market (carport-style canopies for home, residential, and business use).

(e) Plaintiff misrepresented its capacity and ability to fulfill the representations it made to induce Defendant to enter the Agreement and likewise was incapable of fulfilling its duties and obligations under the Agreement.

(f) Plaintiff's inability to perform as it had represented it would do under the Agreement caused Defendant's position within its market to decline and its market share to erode significantly.

(g) Over the course of the agreement, and as a result of decreasing sales and narrowing margins, Plaintiff and Defendant agreed that Defendant would pay to Plaintiff commissions at rates less than those originally called for in the Agreement. Defendant offered and Plaintiff accepted such reduced commissions without contingency, without reserve, and without complaint.

(h) The Agreement provides that if Plaintiff cancels the agreement, no further commissions will be paid.

(i) Prior to the date upon which Plaintiff alleges that it resigned and terminated the Vendor Agreement, Plaintiff was in material breach of such Agreement.

(j) Accordingly, while Defendant may owe Plaintiff certain commissions which were due and owing at the time of the alleged termination of the Agreement (such commissions being less than $50,000), Defendant denies that it is liable to

(k) Defendant alleges, as set forth in its Counterclaim, that due to Plaintiff's failure to use its best efforts to market Defendant's products, and due to Plaintiff's breach of its duties under the Agreement, it is owed restitution for sales commissions paid to Plaintiff to which Plaintiff was not entitled and for damages under Chapter 93A, Sections 2 and 11 of the Massachusetts General Laws.

3. **Proposed Scheduling Order.**

| Event | Date |
|---|---|
| Rule 26 disclosures | 1 December 2004 |
| Amended Complaint Served, if any | 1 December 2004 |
| Answers to Amended Complaint filed | 5 January 2005 |
| Initial Discovery requests served by all parties | 15 December 2004 |
| Motions to join additional parties | 28 February 2005 |
| Completion of discovery from fact witnesses | 31 May 2005 |
| Service of requests for admission | 30 June 2005 |
| Responses to requests for admission | 1 August 2005 |
| Period for mediation after evaluation of fact discovery | 01 August – 30 September 2005 |
| Date by which the parties must determine whether mediation has failed. (If mediation is successful, the following deadlines become moot; if mediation is unsuccessful, the following deadlines apply.) | 30 September 2005 |
| Plaintiff's disclosure of expert reports | 31 October 2005 |
| Defendant's disclosure of expert reports | 30 November 2005 |

4

| | |
|---|---|
| Depositions of experts completed | 30 January 2006 |
| Summary Judgment Motions filed | 30 March 2006 |
| Oppositions to Summary Judgment Motions | 30 April 2006 |
| Status conference and/or final pretrial | 30 June 2006 |

Trial date to be assigned

4.  **Other Agenda Items.**

    None.

5.  **Trial By Magistrate Judge .**

    At this time, the parties do not agree to trial by a magistrate judge.

6.  **Certification by Counsel and Parties.**

    Pursuant to Local Rule 16.1(d)(3), by the signature of counsel for the parties below and signature of an authorized representative of each party on the attached Certificates, each party and that party's counsel confirm that they have conferred with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation and have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 .

                                            Respectfully submitted by:

                                            _____
                                            Plaintiff S&H USA Inc.
                                            Robert G. Cohen, Esq.  BBO #090340
                                            188 Oaks Road
                                            Framingham, MA  01702
                                            Telephone:  (508) 875-0035
                                            Email:  RGCesq@aol.com

*Johnny M. Loper by [signature] w/ permission*
Defendant Powell & Powell Supply Co. Inc.
Johnny M. Loper, NCSB No. 15533
WOMBLE CARLYLE SANDRIDGE & RICE,
*a Professional Limited Liability Company*
P.O. Box 831
Raleigh, NC 27602
Telephone: (919) 755-2116
Email: jloper@wcsr.com

Dated: October 21, 2004